should be reversed, and the assessment against the Third Avenue Company should be reduced to $5,493,695.25, and that against the Kingsbridge Company should be reduced to $629,301.07, and, as thus reduced, affirmed without costs. All concur.

---

PEOPLE ex rel. FORTY–SECOND ST. M. & ST. N. AVE. RY. CO. v. STATE BOARD OF TAX COM'RS et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. TAXATION (§ 496*)—SPECIAL FRANCHISE TAX—REVIEW—PRESUMPTION.
    Where a street railway company on certiorari to review the assessment of its special franchise failed to show what use it made of a loft building owned by it, it cannot be presumed that it was used in connection with the franchise, but, if it was so used, such fact should have been shown.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890–910; Dec. Dig. § 496.*]

2. TAXATION (§ 376*)—SPECIAL FRANCHISE TAX—RETURN OF TANGIBLE PROPERTY—USE IN CONNECTION WITH FRANCHISE.
    A street railway company owning a building, and using it in connection with its special franchise, is to be allowed a return thereon, but one which it rented and did not use was to be excluded from consideration.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 625, 629–631; Dec. Dig. § 376.*]

Appeal from Special Term, New York County.

Certiorari by the People, on the relation of the Forty-Second Street, Manhattanville & St. Nicholas Avenue Railway Company, against the State Board of Tax Commissioners and the City of New York. From final order confirming assessment of special franchises of relator for the year 1910 at $4,206,000 and dismissing the writ of certiorari, relator appeals. Order reversed, writ sustained, and assessment reduced to $3,967,544.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Joseph P. Cotton, Jr., of New York City (George S. Franklin, of New York City, on the brief), for appellant.

William A. McQuaid, of New York City, for respondent State Board of Tax Com'rs.

Curtis A. Peters, of New York City (Addison B. Scoville, of New York City, on the brief), for respondent City of New York.

LAUGHLIN, J. This relator formed part of what was known as the Third Avenue Railroad System. Although this proceeding was heard separately, it was brought on for a hearing with the Third Avenue Case, 142 N. Y. Supp. 986, in which we have written an opinion.

The relator on precisely the same or like evidence, with the exception that the figures are different, makes the same claim in this proceeding as in that with respect to the rate of return both on tangible property and intangible property, salary of receiver, interest on deposits,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reproduction value as distinguished from depreciated value, development expenses, percentage of gross receipts paid to city, replacement, and interest; and the court ruled on these questions to the same effect as in the Third Avenue proceeding. Our views, expressed in the Third Avenue proceeding, applied to the facts in this proceeding, require a modification by deducting the salary of the receiver and the payments made to the city, and by reducing the deductions from the operating expenses on account of items for renewals, replacement, and maintenance of equipment and way and structures from $44,228.57 based on like testimony given in behalf of the city, to $18,951.99, the amount as shown by the evidence for the relator, and by capitalizing the net income at seven per cent. instead of at 6 per cent. and by the affirmance of the rate of return on the tangible property at 6 per cent. and of the action of the trial court in taking the present or depreciated value of the tangible property in the streets, as distinguished from the reproduction value, and in refusing to add development expenses to the tangible property, and in including interest on deposits in the gross receipts.

This results in a reduction of the net income representing the value of the intangible elements of the special franchises from $307,823.52 as found at Special Term by $12,000 for salary of the receiver, plus $53,861.01, amounts paid to the city, plus $25,276.58, the amount erroneously deducted from the operating expenses, aggregating $91,187.59, making the net income unless further additions or deductions are required, $216,685.93.

Two further items require consideration. The court excluded from the value of the tangible property two parcels of real estate which the relator claimed should have been added and declined to allow a deduction from gross receipts of the taxes paid thereon. The court found that this real estate was not used in connection with the special franchises in question, and left them out of the calculation altogether, making no addition to the gross receipts on account of rent received therefrom.

[1] The real estate in question consists of two parcels. One was a loft building at 120 East Forty-Second street, valued at $120,000. The assistant to the chief engineer of the Third Avenue Company testified that part of this building was rented for commercial purposes, and that part was used by the company. The relator failed to show what use the company made of this loft building, and it cannot be presumed that it was used in connection with operating these special franchises. If the building was required in the operation of the franchises, that fact should have been shown, and the relator would have been entitled to a return on the entire value and to a deduction for taxes, and the rent received would be added to the gross receipts. The evidence, however, is wholly inadequate to have this parcel of real estate considered on that theory, or to enable the court so to regard it.

[2] The relator owned two buildings between 129th and 130th streets at Broadway and Twelfth avenue. One of them it used, and it was allowed a return thereon. The other it rented, and did not use in connection with these special franchises, and the court also excluded

that from consideration. These rulings are sustained by our opinion in the Third Avenue proceeding.

The value of the intangible elements of these special franchises is therefore to be ascertained by capitalizing said net income of $216,-685.93 at 7 per cent. which shows that it was $3,095,513.28. The value of the tangible property in the streets was $1,312,869.15, and these together make the total value of the special franchises $4,408,382.43. On this valuation the relator was entitled to equalization on the basis of 90 per cent. as in the Third Avenue Case. This gives $3,967,544 as the proper assessed value.

It follows that the order should be reversed, the writ sustained, and the assessment reduced to $3,967,544. All concur.